**The UNITED STATES of America,
Appellee,**

v.

**Maurice Eugene VAUGHAN, Appellant.**

**No. 78–6280.**

United States Court of Appeals,
Fourth Circuit.

Argued April 4, 1979.

Decided May 21, 1979.

Michael S. Shelton, Richmond, Va. (Cohen, Abeloff & Staples, P. C., Richmond, Va., on brief), for appellant.

N. George Metcalf, Asst. U. S. Atty., Richmond, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., and G. Wingate Grant, II, Student Assistant to the United States Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and HALL, Circuit Judges.

WINTER, Circuit Judge:

Maurice Eugene Vaughan was convicted of bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(d) and use of a firearm in the commission of a felony

in violation of 18 U.S.C. § 924(c). He was sentenced on October 9, 1975 to consecutive sentences of 20 years for the § 2113(d) offense and 5 years for the § 924(c) offense. On June 22, 1977, Vaughan filed a motion for reduction of sentence under Rule 35, F.R.Crim.P. The district judge who had originally imposed sentence was apparently impressed by Vaughan's positive change of attitude as reflected in the *pro se* motion, and he ordered on July 19, 1977 that "the sentence of 25 years [*sic*] heretofore imposed be reduced to a sentence of 18 years from the date of original imposition of sentence."

Subsequently, the Supreme Court ruled in *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), that a defendant may not be sentenced under both § 2113(d) and § 924(c) in a prosecution growing out of a single armed bank robbery. Relying on *Simpson,* Vaughan filed a petition under 28 U.S.C § 2255 to vacate his sentence for the § 924(c) offense. The same district judge treated the petition as a motion for correction of an illegal sentence under Rule 35. He correctly ruled that *Simpson* required that the original sentencing order of October 9, 1975 be retroactively amended to set aside the 5-year sentence under § 924(c). But he also ruled that this amendment would have no practical effect on Vaughan's sentence, since the Rule 35 order of July 19, 1977 would remain intact, reducing the amended 20-year sentence to 18 years. He therefore denied any further reduction in Vaughan's sentence. Vaughan appeals.

Vaughan contends that at least some portion of his § 924(c) sentence remained after the Rule 35 order of July 19, and that this remaining portion must be set aside in light of *Simpson.* Since the district judge, in his July 19 order, treated Vaughan's consecutive sentences of 20 and 5 years simply as an aggregate term of 25 years, it is unclear how the 7-year reduction of that order should be allocated between the two sentences. The government's position is that the effect of the July 19 order was to set aside the 5-year sentence under § 924(c) in its entirety and to reduce by 2 years the 20-year sentence under § 2113(d). We see nothing, however, in either the July 19 order or the subsequent order from which Vaughan now appeals to indicate that the district judge intended such an allocation of the 7-year reduction. Nor is there any reason to believe that the district judge meant the entire 7-year reduction to apply to the § 2113(d) sentence.

In the absence of any clear allocation of the 7-year reduction between the two sentences, we think that the only fair interpretation of the July 19 order is to allocate the 7-year reduction *pro rata* between the 20-year and 5-year sentences. Thus, the original 20-year sentence under § 2113(d) should be considered to have been reduced by the July 19 order by 5.6 years (7 × 20/25) to 14.4 years, and the original 5-year sentence under § 924(c) to have been reduced by 1.4 years (7 × 5/25) to 3.6 years. Since *Simpson* requires that the sentence under § 924(c) be vacated, Vaughan is entitled to a reduction of his aggregate sentence to 14.4 years.

The order of the district court is vacated, and the case is remanded for entry of an order consistent with this opinion.

*VACATED AND REMANDED.*