**UNITED STATES of America**

v.

**Maurice Eugene VAUGHAN.**

**Crim. A. No. 75–0039–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

July 9, 1979.

Norval George Metcalf, Asst. U. S. Atty., Richmond, Va., for plaintiff.

Richard R. Ryder, R. R. Ryder, Inc., Richmond, Va., for defendant.

MEMORANDUM

WARRINER, District Judge.

On 9 October 1975 defendant herein was sentenced to consecutive sentences of twenty years for violation of 18 U.S.C. § 2113(d) and five years for violation of 18 U.S.C. § 924(c). On 19 July 1977, on motion under Fed.R.Crim.P. 35, this Court ordered that the aggregate sentence of twenty-five years be reduced to a sentence of eighteen years. *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), was decided and it became appropriate to set aside the five-year sentence imposed under 18 U.S.C. § 924(c). This was accomplished by an order entered on 12 May 1978. The defendant, being dissatisfied with the Court's allocation of the years remaining to be served, appealed the order vacating his sentence under 18 U.S.C. § 924(c).

Realizing that the 19 July 1977 order, which provided for a reduction to eighteen years from an aggregate twenty-five-year sentence, might present a problem of interpretation, this Court included in its order of 12 May 1978, language which this Court thought would be unmistakably clear. The Court explicitly said that the vacation of the five-year § 924(c) sentence would "have no practicable effect on the term of years defendant has to serve." The Court pointed out that this lack of "practical effect" was a consequence of the prior 19 July 1977 seven-year reduction in sentence. The Court said that the vacation of the five-year sentence would have the effect of reducing the original sentence from twenty-five years to twenty years, with the vacation applied retroactively. Within this context the Court then stated:

> Hence when the Court reduced defendant's sentence of twenty-five years to eighteen years, it has the present effect of reducing defendant's sentence of twenty years to eighteen years. Consequently, although the Court is constrained to grant the motion presently before the Court, the eighteen years to which defendant is sentenced will not be affected.

Despite this effort on the part of the trial Court to make it clear that the allocation of the seven-year Rule 35 reduction should be applied in such a way that the "eighteen years to which defendant is sentenced will not be affected," the Court of Appeals published an opinion, *United States v. Vaughan,* 598 F.2d 336 (4th Cir. 1979), stating that it was "unclear how the seven-year reduction . . . should be allocated between the two sentences."

This Court regrets the lack of clarity. This Court intended that the seven-year reduction be allocated in such a way that the eighteen years to which defendant was sentenced would not be affected.

The disposition and mandate of the Court of Appeals is contrary to the intent of this Court but the remand was not for purposes of having this Court reiterate its intent but, instead, the remand directed this Court to carry out the intent of the Court of Appeals as to the sentence to be served. *But cf. United States v. Pruitt,* 341 F.2d 700, 703 (4th Cir. 1965).

This Court is, of course, duty bound to carry out that mandate and an order shall issue in compliance.