William Scott SOURS, Appellant,

v.

STATE of Missouri, Respondent.

No. 61458.

Supreme Court of Missouri,
En Banc.

Jan. 15, 1980.

Rehearing Denied Feb. 11, 1980.

---

David Robards, Public Defender, Joplin, for appellant.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

WELLIVER, Judge.

This is an appeal from the denial after hearing of appellant's Rule 27.26 motion to set aside convictions entered October 4, 1977. Appellant seeks relief from convictions based on pleas of guilty to an information in two counts charging robbery first degree by means of a dangerous and deadly weapon, § 560.120, RSMo 1969 and § 560.-135, RSMo Supp.1975 (now § 569.020.1(2), RSMo 1978), and armed criminal action, § 559.225, RSMo Supp.1976 (now § 571.015, RSMo 1978). Appellant contends that convictions for both crimes based on one incident violates his constitutional right against being twice placed in jeopardy. Jurisdiction is in this Court because the case involves the constitutionality of a statute of this state. Mo.Const. art. V, § 3.

On May 14, 1977, appellant accompanied Charles Mahan into a fast-food store named Mr. Quick, where Mahan, armed with a pistol, took $949.06 from the store's clerk, Kendall Carnes. Mahan was charged with armed robbery and pleaded guilty, receiving a sentence of five years in the Department of Corrections. In an information filed June 20, 1977, appellant was charged with both armed robbery and armed criminal action. On October 5, 1977, appellant pleaded guilty to both counts. On January 5, 1978, appellant was sentenced to five years imprisonment on the robbery conviction and three years imprisonment on the armed criminal action conviction, the sentences to run consecutively.

On September 21, 1978, appellant filed a motion to vacate the convictions and sentences, alleging that his attorney rendered ineffective assistance; that the plea was coerced by the threat of the use of allegedly false testimony to be given by Charles Mahan; and that the conviction for both first degree armed robbery and armed criminal action placed him in double jeopardy. On April 3, 1979, appellant by appointed counsel filed an amended motion alleging that the conviction for both offenses violated appellant's constitutional right to be free from double jeopardy; that the consecutive sentences should be vacated because it is not mandatory for a sentence under the armed criminal action statute to run consecutively with the sentence for the underlying felony; that the trial court did not properly advise the appellant as to the range of punishment for the crimes with which he was charged; that the trial court failed to obtain an adequate factual basis before accepting appellant's guilty pleas; and, that the sequence in which the appellant was to serve the two sentences should be reversed so as to permit him his statutory opportunity to be released on parole.

In a hearing held April 16, 1979, appellant and his attorney withdrew all of the allegations contained in the amended motion except the claim based on double jeopardy and that based on the court's alleged erroneous assumption that the armed criminal action statute required consecutive sentencing. In this hearing, appellant and respondent stipulated that both of the charges filed against appellant arose from the same occurrence, and that there was only one robbery involved.

On April 19, 1979, the court sustained the part of the motion that was based on the court's erroneous assumption that it could not make the armed criminal action sentence run concurrently with the robbery sentence. As a correction of the sentence entered January 5, 1978, the court resentenced appellant to five years on the robbery charge and three years on the armed criminal action charge, the sentences to run concurrently. Also on April 19, 1979, the court denied the part of the motion that was based on the claim of double jeopardy. On June 5, 1979, appellant filed with the circuit court his notice of appeal to this Court.

We are not here presented with a case involving multiple prosecutions for the same offense. The only question presented in this appeal is whether it constitutes double jeopardy to charge and convict a defendant in a single prosecution with both first degree robbery by means of a dangerous and deadly weapon and armed criminal action arising out of the same incident. We find that armed criminal action and the underlying felony, in this case robbery first degree are the "same offense" for double jeopardy purposes. We reverse the judgment of the trial court insofar as it denied appellant relief from his conviction for armed criminal action; we affirm the judgment of the trial court insofar as it denied appellant relief from his conviction for robbery first degree. To the extent that our decisions in State v. Valentine, 584 S.W.2d 92 (Mo. banc 1979) and State v. Treadway, 558 S.W.2d 646 (Mo. banc 1977), cert. denied, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978) are inconsistent with this opinion, we disapprove those cases.

Analysis begins with the double jeopardy provision in the Missouri Constitution, Mo.Const. art. I, § 19 prohibits the state from placing a person "again in jeop-

ardy of life or liberty for the same offense, after being once acquitted by a jury." This language has been interpreted to apply "only where there has been an acquittal of the defendant by a jury." *Murray v. State*, 475 S.W.2d 67, 70 (Mo.1972); *Kansas City v. Henderson*, 468 S.W.2d 48, 52 (Mo.1971), *cert. denied*, 404 U.S. 1004, 92 S.Ct. 570, 30 L.Ed.2d 557 (1971). Since the convictions from which appellant seeks relief were obtained in a single prosecution, Mo.Const. art. I, § 19 does not apply in this case.

While the double jeopardy provision in the Missouri Constitution does not resolve the issue presented, *Benton v. Maryland*, 395 U.S. 784, 793–96, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707 (1969) has held that the double jeopardy clause of the fifth amendment to the United States Constitution does apply to the states through the fourteenth amendment, because it is "fundamental to the American scheme of justice." The fifth amendment provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." This provision prohibits not only multiple prosecutions but also multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), decided the same day as *Benton*, stated that the guarantee against double jeopardy

> has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Id.* at 717, 89 S.Ct. at 2076; *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *State v. Parsons*, 513 S.W.2d 430, 438 (Mo.1974). The Court in *Pearce* quoted at length from "the landmark case" of *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874) as providing "the controlling constitutional principle." 395 U.S. at 717, 89 S.Ct. 2072. The protection against multiple punishments was established in *Lange* in the following language:

> For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that offence? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had, and on a second conviction, a second punishment inflicted?
>
> The argument seems to us irresistible, and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it.

85 U.S. (18 Wall.) at 173. The principle that the double jeopardy clause prohibits double punishments for the same offense has been reaffirmed in subsequent decisions of the United States Supreme Court in *Simpson v. United States*, 435 U.S. 6, 11 n. 5, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (plurality opinion, at 1.5, 97 S.Ct. at 2218; opinion of Stevens, J., concurring in part and dissenting in part at 159 n. 5, 97 S.Ct. at 2220 n. 5); and *Iannelli v. United States*, 420 U.S. 770, 786 n. 18, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

On more than one occasion, this Court has held that "where in law and in fact there is only one crime," the protection of the double jeopardy clause against multiple punishments for the same offense forbids convicting and punishing a defendant for two offenses in one proceeding. *State v. Parsons*,

513 S.W.2d 430 (Mo.1974). *Accord, State v. Neal*, 514 S.W.2d 544 (Mo. banc 1974). *Cf. State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970).

In *State v. Parsons*, 513 S.W.2d 430 (Mo.1974), the defendant was convicted in one proceeding of first degree murder of his wife by bombing (Count I), and of putting a person in danger of bodily injury or death by wilfully and maliciously exploding a bomb (Count II), a violation of § 564.560, RSMo 1969. The defendant was sentenced to life imprisonment for the murder and to 99 years' imprisonment for the bombing. The Court reversed on double jeopardy grounds the defendant's conviction of the separate charge of bombing. The Court stated:

> The bombing described in each count was the identical, self-same bombing. The person charged in Count I to have been killed by the bombing is the identical, self-same person whose life was charged to have been endangered by bombing, in Count II. The bombing which endangered the victim's life was one and the same, inseparable and indivisible with the bombing which took her life. The victim's death was instantaneous and simultaneous with the explosion of the bomb. The bomb was the death weapon. The necessary act toward the commission of the murder was the bombing. Likewise, the necessary act toward the commission of the bombing was the identical act necessary to constitute the crime of murder. The bombing was an incident included in the crime of murder as charged, but the state has obtained a conviction not only of the crime of murder by bombing but also a conviction for the incident of bombing. Absent a waiver . . . a person cannot be "tried and convicted for a crime which has various incidents included in it," and *at the same time* be tried for one of those incidents, "without being twice put in jeopardy for the same offence." *In re Nielsen*, 131 U.S. 176, 188, 9 S.Ct. 672, 676, 33 L.Ed. 118 (1889).

There was but one crime. The state cannot split a single crime and prosecute it in separate parts. *State v. Toombs*, 326 Mo. 981, 34 S.W.2d 61, 64 (1930); *State v. Whitley*, 382 S.W.2d 665 (Mo.1964); *State v. Richardson*, 460 S.W.2d 537, 539 [1] (Mo. banc 1970). If there is but a single act of force proved as an incidental means of committing a murder that act of force may not also be charged as a separate crime. In that situation only one punishment may be had.

513 S.W.2d at 437–38. (Emphasis added.) In *State v. Neal*, 514 S.W.2d 544 (Mo. banc 1974), the defendant was charged in one proceeding of robbery first degree by means of a dangerous and deadly weapon of Johnnie Walton (Count I) and with assault with intent to kill with malice aforethought of William Cordes (Count II) and of Johnnie Walton (Count III). The defendant was convicted and sentenced under all three counts. The Court reversed the conviction and sentence under Count III, stating:

> First, the robbery in this case of Cordes Hardware by taking money from the custody of Johnnie Walton, Count I, was the result of the assault committed upon Johnnie Walton and it was the identical assault also charged in Count III. To thus split the single crime of robbery and prosecute it in Count I and a second time in Count III as an assault violated the rule against double jeopardy. *State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970). Accordingly, Count III was improperly submitted; and the judgment, insofar as it convicts defendant and sentences him to five years' imprisonment for the offense there charged, must, therefore, be reversed.

514 S.W.2d at 548. Thus, it is well-established in Missouri that if two statutory crimes constitute the "same offense," the protection against multiple punishment embodied in the double jeopardy clause prohibits convicting a defendant of both crimes in a single proceeding.[1]

---

1. In *State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970), the defendant pleaded guilty in one proceeding to attempted robbery by means of a deadly weapon, and was found guilty by a jury

Because the double jeopardy clause prohibits multiple punishments for the same offense, the criterion for distinguishing one offense from another for double jeopardy purposes is crucial to resolution of this case. Conviction and punishment for two distinct offenses arising out of the same transaction does not offend the federal double jeopardy provision. *Gore v. United States*, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Cf., State v. Moton*, 476 S.W.2d 785, 790 (Mo.1972); *State v. Whitley*, 382 S.W.2d 665, 668 (Mo. 1964).

■■■ The test for determining whether two offenses are "the same" for double jeopardy purposes was stated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Gavieres v. United States*, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489, and authorities cited.

The *Blockburger* test has been reaffirmed on numerous occasions, most recently in *Simpson v. United States*, 435 U.S. 6, 11, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (plurality opinion, at 150, 97 S.Ct. at 2216; opinion of White, J., concurring in part and dissenting in part, at 158, 97 S.Ct. at 2220); *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *Gore v. United*

*States*, 357 U.S. 386, 388, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). The word "each" is essential to a proper application of the *Blockburger* criterion. If statute A requires proof of a fact not required by statute B, but statute B does not require proof of any fact not required by statute A, then the offense defined by statute B is a lesser included offense of that defined by statute A. The greater offense is the "same offense" as the lesser included offense for double jeopardy purposes. *Brown v. Ohio*, 432 U.S. 161, 167, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Jeffers v. United States*, 432 U.S. 137, 146, 150, 158, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); *Harris v. Oklahoma*, 433 U.S. 682, 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). *See also United States v. Stavros*, 597 F.2d 108, 112 (7th Cir. 1979). The double jeopardy clause prohibits successive prosecutions for both the lesser included offense and the greater offense, and it prohibits the imposition of a separate sentence for both the lesser included offense and the greater offense.

Comparison of the two statutes under which the defendant in the instant case was convicted is necessary for application of the *Blockburger* test. In this case, the defendant was convicted of robbery first degree, and armed robbery, § 560.120, RSMo 1969 and § 560.135, RSMo Supp.1975, and of armed criminal action, § 559.225, RSMo Supp.1976. Section 560.120, RSMo 1969 provided:

Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person; or who shall be convicted of feloniously taking the property of another from the person of

---

in a subsequent proceeding of assault with intent to maim without malice. Both prosecutions were based on a single incident. The sentence for the attempted robbery was ten years; the sentence for the assault was three years. In reversing the second conviction, the Court relied on the rule that " '[i]f there is but a single act of force proved as an essential element of the crime of robbery, then such act of force cannot be availed of as constituting the

separate crime of assault.' " The Court cited *Wilkerson v. State*, 41 Ala.App. 265, 130 So.2d 348, 349 (1961); *State v. Miller*, 129 Cal.App.2d 305, 276 P.2d 846, 848 (1954); *People v. Logan*, 41 Cal.2d 279, 290, 260 P.2d 20 (1953); *State v. Wines*, 47 N.J.Super. 235, 135 A.2d 543, 544 (1957). In each of these cases, the defendant was charged with multiple offenses in a single proceeding, and it was held that only one conviction and punishment could be had.

his wife, servant, clerk or agent, in charge thereof, and against the will of such wife, servant, clerk or agent, by violence to the person of such wife, servant, clerk or agent, or by putting him or her in fear of some immediate injury to his or her person, shall be adjudged guilty of robbery in the first degree.

Section 560.135, RSMo Supp.1975 provided:

Every person convicted of robbery in the first degree by means of a dangerous and deadly weapon and every person convicted of robbery in the first degree by any other means shall be punished by imprisonment by the division of corrections for not less than five years; every person convicted of robbery in the second degree shall be punished by imprisonment by the division of corrections not exceeding five nor less than three years; every person convicted of robbery in the third degree shall be punished by imprisonment by the division of corrections not exceeding five years.

Section 559.225.1, RSMo Supp.1976 provided:

Except as provided in subsection 4 of this section, any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous or deadly weapon is also guilty of the crime of armed criminal action and, upon conviction, shall be punished by imprisonment by the division of corrections for a term of not less than three years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon. No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years.

As will be seen, the reference to "any felony" in § 559.225.1, RSMo Supp.1976 mandates the conclusion that the offense of armed criminal action includes the underlying felony. Since the double jeopardy clause prohibits the imposition of punishments both for the lesser included offense and for the greater offense, the appellant's conviction for armed criminal action must be vacated and set aside.

The United States Supreme Court has never decided whether robbery and the offense of committing a felony by means of a dangerous and deadly weapon constitute the "same offense" for double jeopardy purposes. The Court expressly declined to rule on this issue in the recent case of *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978). In *Simpson*, the defendants were convicted in two separate jury trials of two bank robberies committed in Middlesboro, Kentucky, one on September 8, 1975, and the second on November 4, 1975. For each of the two bank robberies, the defendants were convicted of violating 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c) (1970). Section 2113(d) provides for penalties for assaulting or jeopardizing the life of any person "by the use of a dangerous weapon or device" in taking or attempting to take property belonging to a bank or similar institution from another person by force and violence or by intimidation. Section 924(c) provides that whoever uses a firearm to commit any felony or carries a firearm unlawfully during the commission of any felony "shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years." The District Court rejected the defendants' argument that sentencing under both sections constituted multiple punishment forbidden by the double jeopardy clause, and the Sixth Circuit Court of Appeals affirmed. The Supreme Court expressly declined to decide whether the two offenses were the same under the *Blockburger* test, and found it unnecessary to decide whether sentencing under both provisions was violative of the double jeopardy clause protection against multiple punishment for the same offense. 435 U.S. at 11–12, 98 S.Ct. 909. Instead, the Court analyzed the legislative history of § 924(c) and determined that "the section was intended to be unavailable in prosecutions for

violations of § 2113(d)." *Id.* at 15, 98 S.Ct. at 914.

The Court held that "in a prosecution growing out of a single transaction of bank robbery with firearms, a defendant may not be sentenced under both § 2113(d) and § 924(c)." *Id.* at 16, 98 S.Ct. at 915. The Court deemed it unnecessary to decide the constitutional question precisely because it found that the legislature did not intend that a defendant be charged under both sections.

Cases in which the Government is able to prove violations of two separate criminal statutes with precisely the same factual showing, as here, raise the prospect of double jeopardy and the possible need to evaluate the statutes in light of the *Blockburger* test. That test, the Government argues, is satisfied in this case. We need not reach the issue. Before an examination is made to determine whether cumulative punishments for the two offenses are constitutionally permissible, it is necessary, following our practice of avoiding constitutional decisions where possible, to determine whether Congress intended to subject the defendant to multiple penalties for the single criminal transaction in which he engaged. *Jeffers v. United States,* 432 U.S. 137, 155, 97 S.Ct. 2207, 2218, 53 L.Ed.2d 168 (1977). 435 U.S. at 11, 98 S.Ct. at 912. The obvious implication of this analysis is that, had the legislature clearly intended that a person be prosecuted under both sections 924(c) and 2113(d), the question whether the two sections define the "same offense" for double jeopardy purposes would have to be addressed. *See United States v. Makres,* 598 F.2d 1072, 1078 (7th Cir. 1979); *United States v. Dorsey,* 192 U.S.App.D.C. 313, 331, 591 F.2d 922, 940 (D.C.Cir.1978); *O'Clair v. United States,* 470 F.2d 1199, 1203 (1st Cir. 1972); *Wayne County Prosecutor v. Recorder's Court Judge,* 406 Mich. 374, 280 N.W.2d 793, 805, 806–07 (1979) (Kavanagh, J., dissenting, and Levin, J., dissenting); *People v. Hughes,* 85 Mich.App. 674, 272 N.W.2d 567, 572–74 (1978) (Walsh, J., dissenting). The inference that the double jeopardy clause prevents giving effect to the legisla-

tive intent to twice punish the "same offense" is strengthened by consideration of *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977).

In *Jeffers,* the defendant was charged with violations of 21 U.S.C. §. 848 (1970) conducting a continuing criminal enterprise to violate the federal drug statutes, and was charged along with nine codefendants with violations of 21 U.S.C. § 846 (1970) conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. § 841(c)(1) (1970). The government sought to consolidate the two charges for trial, but the defendants objected and the court denied the motion to consolidate. Jeffers and six codefendants were found guilty of the conspiracy charge. Jeffers then moved to dismiss the continuing criminal enterprise charge on double jeopardy grounds since all of the elements of the conspiracy offense were included in the continuing criminal enterprise offense. The Seventh Circuit Court of Appeals agreed that the offense defined by § 846 was a lesser included offense of that defined by § 848, but held that in cases of complex statutory crimes greater and lesser offenses could be separately punished if Congress so intended, relying on an interpretation of *Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). 532 F.2d 1101 (7th Cir. 1976). The Supreme Court rejected the Seventh Circuit's interpretation of *Iannelli* that a second trial on the "same offense" was permissible under the double jeopardy clause if Congress intended separate punishment. The plurality opinion written by Justice Blackmun, joined by Justices Burger, Powell, and Rehnquist, determined that even assuming, without deciding, that § 846 defines an offense that is included in the offense defined in § 848, Congress did not intend to allow cumulative punishment for violations of §§ 846 and 848. The Court held that Jeffers could be prosecuted separately for the lesser included offense because he had opposed consolidation and asked for separate trials, but Jeffers' actions did not permit him to be punished twice. Accordingly, the fine imposed on

the petitioner was vacated to the extent that it exceeded the statutory maximum permitted under § 848.[2] The plurality opinion stated:

> The critical inquiry is whether Congress intended to punish each statutory violation separately. . . . In *Iannelli v. United States* [420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975)], the Court concluded that Congress did intend to punish violations of § 1955 separately from § 371 conspiracy violations. *Since the two offenses were different, there was no need to go further.* See 420 U.S., at 785–786, nn. 17–18 [, 95 S.Ct. 1284 at 1293–1294]. See also *Gore v. United States*, 357 U.S. 386 [, 78 S.Ct. 1280, 2 L.Ed.2d 1405] (1958). If some possibility exists that the two statutory offenses are the "same offense" for double jeopardy purposes, however, it is necessary to examine the problem closely, in order to avoid constitutional multiple-punishment difficulties.

432 U.S. at 155, 97 S.Ct. at 2218. (Emphasis added.) Here again, the obvious implication is that where the legislature does intend to punish two statutory offenses separately, but the offenses are the "same offense" under the *Blockburger* criterion, it is necessary to "go further" to avoid violation of the double jeopardy clause protection against multiple punishment.

The General Assembly clearly intended that both § 559.225.1, RSMo Supp.1976 (now § 571.015, RSMo 1978) and the statute defining the underlying felony be applied to a defendant in a prosecution arising out of a single transaction. The statute expressly provides that "any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a

dangerous or deadly weapon *is also guilty* of the crime of armed criminal action and . . . shall be punished . . . *in addition to* any punishment provided by law for the [underlying] crime." (Emphasis added.) Thus, section 560.225.1, RSMo Supp.1976 provides for more than merely an enhanced sentence. In this respect, the armed criminal action statute is different from, and raises double jeopardy problems not raised by, punishment enhancement provisions such as those contained in § 558.-016, RSMo 1978 for persistent or dangerous offenders. The armed criminal action statute calls for conviction of a second crime and for the imposition of a second sentence. Consequently, the question whether the two crimes are the "same offense" for double jeopardy purposes cannot be avoided.

In two recent cases, this Court addressed the question whether convicting and punishing a person of both robbery first degree and armed criminal action constitutes double jeopardy. *State v. Valentine*, 584 S.W.2d 92 (Mo. banc 1979); and *State v. Treadway*, 558 S.W.2d 646 (Mo. banc 1977), *cert. denied*, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978). In *State v. Treadway*, 558 S.W.2d 646 (Mo. banc 1977), the defendant was convicted in one count of robbery first degree and in a second count of armed criminal action. The defendant moved to dismiss the armed criminal action count of the information on the ground that prosecution for both robbery first degree and armed criminal action subjected him to multiple punishments for the same offense. The motion was denied and the defendant appealed his convictions. The Court observed that Missouri follows the "separate or several offense rule" and not the "same transaction rule," in determining whether a de-

---

**2.** Justice White did not think that the § 846 offense was a lesser included offense of the § 848 offense, and thus concurred in the plurality opinion's affirmance of petitioner's conviction, but dissented from the plurality's action in vacating part of petitioner's fine. Justice Stevens was joined by Justices Brennan, Stewart, and Marshall, in an opinion that concurred in the judgment to the extent that it vacated the cumulative fines, but dissented from the affirmance of the conviction. Justice Stevens stated that "[i]t is quite clear . . . that petitioner

has been denied his constitutional rights," and argued that one fact that "clinch[ed] the double jeopardy claim" was that "petitioner was not only twice tried, but also twice punished for the same offense." *Id.*, 432 U.S. at 159 n. 5, 97 S.Ct. at 2221 n. 5. Justice Stevens and the three concurring justices would have reversed the subsequent conviction for the greater offense of continuing criminal enterprise. Thus, eight justices voted to vacate petitioner's sentence at least to the extent it exceeded the maximum punishment for the greater offense.

fendant charged with two crimes has been placed in double jeopardy. *Id.* at 651. If "each offense necessitates proof of an essential fact or element not required by the other" there is no identity of offense. *Id.;* *State v. Chambers,* 524 S.W.2d 826, 829 (Mo. banc 1975), *cert. denied,* 423 U.S. 1058, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976); *State v. Carter,* 535 S.W.2d 537, 538 (Mo.App.1976). *Cf. Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The Court held that first degree robbery and armed criminal action are not the same offense under this test. Robbery first degree does not require proof of the use of a dangerous and deadly weapon; any means of the production of fear will sustain a robbery conviction. Armed criminal action does require proof of the use of a dangerous and deadly weapon. From these considerations, the Court concluded that "[s]ince the two offenses are not the same in law, appellant's double jeopardy protection has not been abrogated." *Id.* at 652.[3] It is not clear that the analysis in *Treadway* applied

both halves of the *Blockburger* test. The Court considered only whether armed criminal action included elements not in robbery, and did not consider whether robbery contained any elements not contained in armed criminal action.[4]

Although *Treadway* did not apply the second half of the *Blockburger* criterion for sameness of offense, cases from other jurisdictions have found that armed robbery and the use of a firearm in the commission of that felony are distinct offenses under the *Blockburger* test because robbery contains elements not necessarily included in the felony-firearm offense. *Kowalski v. Parratt, 533 F.2d 1071 (8th Cir. 1976),* cert. denied, *429 U.S. 844, 97 S.Ct. 125, 50 L.Ed.2d 115 (1976);* Wayne County Prosecutor v. Recorder's Court Judge, *406 Mich. 374, 280 N.W.2d 793 (1979);* Jones v. Commonwealth, *218 Va. 18, 235 S.E.2d 313 (1977).* See also, United States v. Hearst, *412 F.Supp. 877 (N.D.Cal.1976).*[5]

In each of these cases there is no difficulty with the claim that the felony-firearm

---

3. Appellant seeks to distinguish *Treadway* on the ground that the defendant in *Treadway* was charged with robbery first degree and armed criminal action whereas Count I of the information in this case charged appellant with armed robbery, § 560.135, RSMo Supp.1975 and robbery first degree by means of a dangerous and deadly weapon, § 560.120, RSMo 1969. This effort to distinguish *Treadway* cannot succeed. The allegation that the fear required under § 560.120, RSMo 1969 was produced by a dangerous and deadly weapon is not an element of robbery first degree and is mere surplusage. *Keeny v. State,* 461 S.W.2d 731, 732 (Mo.1971); *State v. Pope,* 364 S.W.2d 564, 568 (Mo.1963); *State v. Vigus,* 66 S.W.2d 854, 857 (Mo.1933); *State v. Shuls,* 329 Mo. 245, 44 S.W.2d 94, 96 (1931). *Accord, State v. Braddock,* 558 S.W.2d 776, 779 (Mo.App.1977); *State v. Long,* 539 S.W.2d 592, 594 (Mo.App.1976); *State v. Nelson,* 532 S.W.2d 855, 856 (Mo.App.1975). Consequently, if *Treadway*'s holding that robbery first degree is not included in armed criminal action is valid, appellant's motion for postconviction relief cannot be sustained.

4. *Treadway* did quote language found in *Kowalski v. Parratt,* 533 F.2d 1071 (8th Cir. 1976) that the "gist" of each offense was different from that of the other. *Kowalski* found that robbery and robbery with firearms were not the "same offense" because the Nebraska weapons offense could be shown by proof of "any felony" (and thus, robbery has elements

not necessarily in felony-firearm). *Valentine* does not expand on the analysis used in *Treadway. Valentine* neither cites *Blockburger* nor attempts to state what elements of robbery are not in armed criminal action. *Valentine* merely cites *Treadway* for the claim that "each crime contained elements not found in the other." 584 S.W.2d at 96. Neither opinion analyzed the impact of *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) on the proper application of the *Blockburger* criterion to the type of "felony-plus" statute involved here.

5. *Wayne County Prosecutor v. Recorder's Court Judge,* 406 Mich. 374, 280 N.W.2d 793 (1979) reversed the dispositions given two cases by separate panels of the Michigan Court of Appeals. In one case, the defendant was convicted in a single trial of second degree murder and of a violation of Michigan's felony-firearm statute, Mich.Comp.Laws Ann. § 750.-227b (Supp.1979); in the other, the defendant was convicted in a single trial of armed robbery and felony-firearm. The court of appeals vacated the defendants' respective convictions for felony-firearm. The Michigan Supreme Court reversed the court of appeals in each case and reinstated the convictions. The Michigan Supreme Court concluded that the felony-firearm offense was distinct from the underlying felony in each case, reasoning that the state was not required to prove the particular felony charged

statute includes an element not in the underlying felony, i. e., the use or possession of a dangerous weapon. The central problem is whether the underlying felony has any elements which are not incorporated into the weapons offense. *Wayne County, Jones, Kowalski,* and *Hearst* each single out the distinguishing element of the particular felony involved, and stress that the weapons offense need not include that element, but may be committed by the use of a weapon in connection with *any* felony. This manner of applying the *Blockburger* test makes the weapons offense appear to be distinct from the underlying felony for double jeopardy purposes; however, such an application of the *Blockburger* test is not consistent with the application of that test in the recent Supreme Court decision in *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), *reversing,* 555 P.2d 76 (Okl.Cr.1976).

In *Harris,* the Oklahoma Court of Criminal Appeals upheld a conviction for robbery with firearms, Okl.Stat.Ann. tit. 21, § 801 (West 1958) (amended 1973), obtained in a second prosecution following a conviction for felony-murder, Okl.Stat.Ann. tit. 21, § 701 (West 1958) (repealed 1973), arising out of the same incident. The Oklahoma court reasoned that under the *Blockburger* test the felony-murder statute and the underlying felony were distinct crimes. Section 701 provided that "[h]omicide is murder . . . [w]hen perpetrated without any design to effect death by a person engaged in the commission of *any felony.*" (Emphasis added.) The Oklahoma Court of Criminal Appeals stated that proof of the underlying felony was required to prove the intent necessary for the felony-murder conviction, but held that "robbery is a distinct offense and is not part of the crime of homicide nor is it an included crime." 555

in order to convict the defendant of felony-firearm: "*Any proper felony* would have sufficed." 406 Mich. at 376–377, 280 N.W.2d at 799. (Emphasis supplied.) Similarly, in *Jones v. Commonwealth,* 218 Va. 18, 235 S.E.2d 313 (1977), the Virginia Supreme Court affirmed the defendant's convictions of robbery and of the use of a firearm in the commission of a felony, a violation of Va.Code § 18.2–53.1 (1975) (amended 1976). The court stated:

> The crime of robbery as defined at common law involves a forceful taking by "violence or intimidation" but such force need not be by means of the use or threat of presenting a firearm. Robbery may be committed in many ways, such as by partial strangulation or suffocation, or by striking or beating with the fist or other less dangerous devices. . . . The "gist" of Code § 18.2–53.1 is the use of a firearm in situations where it is likely that weapons may be used to injure victims of robbery or bystanders. Under the statute, such use is made a separate and distinct offense. Thus, the crime of robbery and the crime of using a firearm in committing robbery have different elements as a matter of law, although they may have common elements as a matter of fact.

*Id.,* 235 S.E.2d at 315. Again, *Kowalski v. Parratt,* 533 F.2d 1071 (8th Cir. 1976), *cert. denied,* 429 U.S. 844, 97 S.Ct. 125, 50 L.Ed.2d 115 (1976), affirmed the determination of the Nebraska Supreme Court in *State v. Saxon,* 193 Neb. 278, 226 N.W.2d 765 (1975) that felony-firearm does not include robbery (the under-

lying felony) as a lesser included offense. The court quoted the *Blockburger* criterion and stated:

> Although the appellant assumes that count II [felony-firearm, Neb.Rev.Stat. § 28–1011.-21 (Supp.1974)] required proof of the robbery alleged in count I [Neb.Rev.Stat. § 28–414 (Supp.1974)] that is not the case. The weapons statute is satisfied by proof that a weapon was possessed or used during *any felony.*

*Id.* at 1073. (Emphasis supplied.) In *United States v. Hearst,* 412 F.Supp. 877 (N.D.Cal. 1976), decided prior to the Supreme Court's ruling in *Simpson* that Congress did not intend 18 U.S.C. § 924(c) to be available in prosecutions of 18 U.S.C. § 2113(d), the defendant was charged with violations of both § 2113(d) and § 924(c) arising out of a single incident. The court in *Hearst* quoted the *Blockburger* test and stated:

> This standard is satisfied by the two offenses charged here, for the reason that the first requires the use of *any* dangerous weapon in the robbery of a *bank,* whereas the second specifically requires the use of a *firearm* in the commission of *any* felony.

*Id.* at 879. (Emphasis in original.) The defendant was convicted and sentenced under both § 2113(d) and § 924(c), the two sentences to be served concurrently. The conviction under § 924(c) was subsequently vacated in the light of *Simpson. United States v. Hearst,* 466 F.Supp. 1068, 1072 n. 3 (N.D.Cal.1978).

P.2d at 81.[6] The United States Supreme Court rejected the view that felony-murder did not include the underlying felony. "When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one." 433 U.S. at 682, 97 S.Ct. at 2913, citing *In re Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889) and *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

The Court's conclusion that robbery with firearms is a lesser included offense of felony-murder shows how the "required proof" criterion of *Blockburger* must be applied. The crime of armed criminal action consists of two features: (1) any felony, and (2) the use of a dangerous and deadly weapon in the commission of (1). The first feature may be any one of a class of offenses, each of which consists in turn of several elements. If (1) specified a single felony, it would be obvious that armed criminal action includes all of the elements of the felony specified. For example, if § 559.-225.1 said, "any person who commits *first degree robbery* by, with, or through the use, assistance, or aid of dangerous or deadly weapon is also guilty of armed criminal action," it would be obvious that armed criminal action includes first degree robbery and that the double jeopardy clause prohibits conviction and punishment for both offenses. *Harris* shows that the result is no different where the statute refers to "any felony." Proof of armed criminal action still "cannot be had without" proof of the underlying offense. *Harris* stands for the proposition that when a statute defines a crime as "any felony" plus other elements, proof of the particular felony involved is required to prove that crime.[7] In the language of *Blockburger*, the armed criminal action "provision [does not] require[] proof of a fact which the [robbery first degree] statute does not." Thus, as *Harris* applies *Blockburger*, armed criminal action and the underlying felony constitutes only one of-

---

6. The Oklahoma court appeared ambivalent on this point. While it stated that the crime of robbery is not included in the crime of homicide, it also said that "the proof of the underlying felony is needed to prove the intent necessary for a felony murder conviction." 555 P.2d at 80–81.

7. *Cf.*, Schwartz, Multiple Punishment for the "Same Offense": Michigan Grapples with the Definitional Problem, 25 Wayne L.Rev. 825, 833 (1979):

Harris simply holds that convictions for both the greater offense and the underlying offense are prohibited. Put another way: Where offense number 1 consists of elements A and B and element B consists of a class of offenses, offense number 2, offense number 3 and so on, then one may not be convicted of both offense number 1 and the offense consisting of element B in that case. Although such a result is obvious where element B consists of a single offense, Harris mandates the same result when element B can consist of one of several offenses. Where proof of one offense requires proof of another offense, convictions for both are barred, even though the underlying offense required to prove the former changes from case to case.

This understanding of the *Blockburger* test does not affect our holding in *State v. Smith and Hodges*, 592 S.W.2d 165, No. 61378 (Mo. banc, filed Dec. 6, 1979) that trespass is not a lesser included offense of burglary. In *Smith*

and Hodges, we held that it is the *elements* of the greater offense and not the *allegations* of the greater offense found in the indictment or information which must be compared with the legal and factual elements of the lesser offense to determine whether one offense is a lesser included offense of another. Unlike the burglary statute involved in *Smith and Hodges*, the armed criminal action statute defines the offense as consisting of any felony plus another element. Although a court need not examine the factual averments of the greater offense in applying the *Blockburger* test, a complete list of the elements of armed criminal action cannot be generated until the underlying felony is known. A criminal statute is nothing more than a description of a certain type of conduct coupled with a provision that the state will impose sanctions (fine or imprisonment) on any person who conducts himself in the manner described. An "element" of the offense is any part of the description which must be satisfied before the state may impose sanctions. The armed criminal action statute, like Oklahoma's felony murder statute, incorporates by reference the statutory definition of another offense ("any felony") a portion of the description of the proscribed conduct. That part of the description is supplied only by observing which other statute is involved in the particular case.

fense and not two. To prove that the appellant in the instant case committed armed criminal action, the state is required to prove all of the elements of robbery first degree; if it fails to prove any element of robbery first degree, it fails to convict appellant of armed criminal action. If the state could not prove that appellant took Mr. Quick's property from the presence of its agent without the agent's consent by placing the agent in fear, it could not convict appellant of armed criminal action.[8]

After *Harris,* the application given the *Blockburger* test in *Wayne County, Jones, Kowalski, Hearst,* and *Treadway* cannot survive.

> The argument is that . . . . armed robbery requires proof of the occurrence of a robbery, which is not *required* to prove felony-firearm, since that offense can be committed in the course of almost any felony. It is therefore contended that *Blockburger* does not bar convictions for both offenses.

> This argument proves too much. Applying this argument to the situation confronted by the United States Supreme Court in *Harris v. Oklahoma* would lead to a result different from that reached by the Court. After all, robbery with firearms does not require that a murder occur. Nor does felony-murder require that the offense of robbery with firearms occur. The United States Supreme Court, nonetheless, declared that convictions for both felony-murder and the underlying felony of robbery with firearms could not stand.

Schwartz, *supra* note 7, at 851.

It has been argued that the rationale of *Harris,* which involved successive prosecutions first for felony-murder and then for the underlying felony, does not apply in the context of a single proceeding involving multiple charges. The argument that *Harris* does not apply in cases in which a defendant is convicted of both crimes at the same trial has been rejected in cases that follow *Harris. State v. Pinder,* 375 So.2d 836, 838 (Fla.1979); *Tyson v. State,* Ind., 386 N.E.2d 1185, 1193 (1979); *Mitchell v. State,* Ind., 382 N.E.2d 932, 934 (1978); *Elmore v. State,* Ind., 382 N.E.2d 893, 894–95 (1978); *State v. Frye,* 283 Md. 709, 393 A.2d 1372, 1375 (1978); *State v. Innis,* R.I., 391 A.2d 1158, 1165 (1978), *cert. granted,* 440 U.S. 934, 99 S.Ct. 1277, 59 L.Ed.2d 492 (1979); *Briggs v. State,* Tenn., 573 S.W.2d 157, 159 (1978). The argument that the double jeopardy clause does not prohibit punishing a defendant for both of two crimes charged in a single prosecution where one of the crimes is an incident included in the other also contradicts the holding in *State v. Neal,* 514 S.W.2d 544, 548 (Mo. banc 1974) and *State v. Parsons,* 513 S.W.2d 430, 438 (Mo.1974). This argument also overlooks the fact that the case for which the "required proof" test is named, *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), itself involved a single prosecution. "[T]he prosecution may not do in one trial what it

8. The two-count information filed against appellant on June 20, 1977, illustrates the fact that proof of armed criminal action cannot be had without proof of robbery first degree in this case. Count I alleged

> that on or about the 14th day of May, 1977, in the County of Jasper and State of Missouri, WILLIAM S. SOURS did wilfully, unlawfully and feloniously by means of a certain dangerous and deadly weapon, to-wit: a handgun, take, stea[l] and carry away Nine Hundred Forty-nine and [06]/100 ($949.06) Dollars, lawful money of the United States of America, the money and personal property of Mr. Quick, then and there in the lawful care and custody of Kendall Carnes, by then and there putting the said Kendall Carnes in fear of an immediate injury to his person and then

and there did feloniously rob, take, steal and carry away the said money and personal property from the person of, in the presence of and against the will of the said Kendall Carnes with the felonious intent to permanently deprive the owner of the use thereof and to convert the same to his own use.

Count II alleged

> that on or about the 14th day of May, 1977, in the County of Jasper and State of Missouri, WILLIAM S. SOURS did wilfully, unlawfully and feloniously commit a felony, to-wit: Robbery First Degree, by and with the use, aid and assistance of a dangerous or deadly weapon, to-wit: a handgun.

*See Jeffers v. United States,* 432 U.S. 137, 150 n. 16, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977).

is prohibited from doing in two trials." *Elmore v. State*, 382 N.E.2d at 894–95.

Cases in other jurisdictions have recognized that convicting a defendant of the use of a firearm in the commission of a felony and of the underlying felony violates the double jeopardy clause. *Whitton v. State*, 479 P.2d 302 (Alaska 1970); *State v. Boudreau*, 113 R.I. 497, 322 A.2d 626 (1974); *State v. Hudson*, Tenn., 562 S.W.2d 416 (1978). In *Hudson*, the defendant was convicted in one trial of four offenses—robbery by the use of a deadly weapon, Tenn.Code Ann. § 39–3901 (Supp.1978), assault with intent to commit murder in the second degree, Tenn.Code Ann. § 39–604 (1975), use of a firearm in committing a felony, Tenn. Code Ann. § 39–4914 (Supp.1978), and carrying a dangerous weapon with the intent to go armed, Tenn.Code Ann. § 39–4901 (1975)—all arising out of an incident in which the defendant took more than $5,000 in cash at gunpoint from a bank's customer and shot the victim in the leg. The defendant's sentences for armed robbery and felony-firearm were ordered to run consecutively. The defendant appealed, raising the issue whether the convictions for both felony-firearm and the underlying felony violated the double jeopardy prohibition. The Tennessee Supreme Court examined the felony-firearm provision[9] in the light of the *Blockburger* test. The Court stated:

> To give a literal interpretation to the . . . phrase ["is guilty of a felony"] results, of course, in the conclusion that this statute creates and defines a new felony that is separate and distinct from the "principal" felony which is committed by means of a firearm. But such a construction would result in a statute that could not be applied as the legislature intended without running afoul of the double jeopardy prohibitions of our state and federal constitutions. Separate convictions for the "principal" felony and the new use of a firearm felony could not stand without violating the double jeopardy clause.

562 S.W.2d at 418.[10]

In *State v. Boudreau*, 113 R.I. 497, 322 A.2d 626 (1974), the defendant used a .22

---

9. Tenn.Code Ann. § 39–4914 (Supp.1978) provided:

> Any person who employs any firearm of any character as a means of committing or escaping from a felony is guilty of a felony, and on conviction of first offense shall be punished by imprisonment in the penitentiary for not less than one (1) year nor more than five (5) years, and on conviction of second offense shall be punished by imprisonment in the penitentiary for not less than five (5) years nor more than ten (10) years. The trial judge may in his discretion suspend all or part of the penalty imposed by this section.
>
> The period of confinement imposed by this section shall be in addition to any penalty provided by law as punishment for any other felony, and shall run consecutively, and not concurrently, with any other period of confinement.

10. The Tennessee Supreme Court accordingly concluded that the statute should be read not as creating a new felony but as amending Tennessee's other felony statutes by implication through the addition of a sentence-enhancement provision. We are prevented from similarly construing § 559.225, RSMo Supp. 1976 (§ 571.015, RSMo 1978) for two reasons. First, it is not clear that the General Assembly had as its sole purpose in passing § 559.225 merely the enhancement of penalties. The statute was clearly intended to create and define a separate crime ("is also guilty of the crime of armed criminal action") and to authorize two convictions of one defendant for committing a felony through the use of a dangerous and deadly weapon. The inference that the General Assembly's primary purpose was to create and define a separate crime rather than to enhance penalties for existing crimes is suggested by the fact that when the new criminal code was enacted the armed criminal action statute was placed in Chapter 571, under the title "Weapons Offenses," rather than in Chapter 558, under the title "Imprisonment". In its effort to give effect to the legislative intent to enhance punishment for felonies committed with firearms, the Tennessee court sacrifices the legislative intent to create and define a new crime. The double jeopardy clause does not restrict the legislature's power to define crimes and fix punishments.

> [T]he Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial.

calibre pistol to fire a series of shots into the front of a house in which a married couple and their six sons were sleeping. The defendant was convicted of eight counts of assault with a deadly weapon and of committing a crime of violence while armed with a pistol, a violation of R.I.Gen. Laws § 11–47–3 (1970). A three-year sentence was imposed for the violent crime charge and made to run concurrently with a three-year sentence on one of the assault counts. "Crime of violence" was defined in R.I.Gen.Laws § 11–47–2 (1970) as including "murder, manslaughter, rape, mayhem, robbery, burglary, breaking and entering, assault with a dangerous weapon, assault or battery involving grave bodily injury, and/or assault with intent to commit any offense punishable as a felony." 113 R.I. at 502, 322 A.2d at 629. The Rhode Island Supreme Court quoted the *Blockburger* criterion for what constitutes the "same offense," and found the two crimes charged to be essentially the same: "In order to prove Boudreau guilty of the assault with a dangerous weapon, it is necessary to prove the same elements as are required to convict him on the charge of the commission of a felony with the use of a firearm." *Id.* Accordingly, the court affirmed the conviction of assault with a dangerous weapon and reversed the conviction of committing a crime of violence while armed with a pistol.

In *Whitton v. State*, 479 P.2d 302 (Alaska 1970), the defendant was found guilty in one proceeding of robbery, Alaska Stat.

§ 11.15.240 (1970), and of the use of a firearm during the commission of the robbery, a violation of Alaska Stat. 11.15.295 (1970). The Alaska Supreme Court interpreting the double jeopardy provision in Alaska's own Constitution to prohibit multiple prison sentences for the same offense, held that the offense of robbery with firearms "already proscribes and punishes" the offense of robbery. *Id.* at 314. "The result is that the two separate statutory crimes constitute the 'same offense' for purposes of double jeopardy. A single sentence was all that could properly be imposed under the double jeopardy provision of our constitution." *Id.*

Having determined that a conviction for both robbery first degree and armed criminal action places a defendant twice in jeopardy by multiplying the punishment for one offense, we must consider the appropriate remedy.[11]

■■■ The armed criminal action statute provides in three separate subsections for sentences of not less than three years for the first offense of armed criminal action, not less than five years for the second offense, and not less than ten years for the third. § 559.225, RSMo Supp. 1976. Each subsection contains the sentence: "The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weap-

---

*Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221 (1977). It is not the creation of a new crime that offends the double jeopardy guarantee; it is the provision that a defendant be convicted and punished for both the new crime and the underlying, included felony that offends.

More importantly, we are not free to construe § 559.225 as *Hudson* construed the Tennessee firearm-felony statute because amendment of statutes by implication is forbidden by Missouri's Constitution. Mo.Const. art. III, § 28 prohibits the General Assembly from amending statutes without setting forth in full the statutes so amended. *State v. Valentine*, 584 S.W.2d 92 (Mo. banc 1979) rejected the claim that § 559.225 violated Mo.Const. art. III, § 28 on the ground that the statute does not amend the punishment provisions of many other statutes but instead defines "an offense sep-

arate and distinct from other offenses." *Id.* at 96.

11. After the Supreme Court determined in *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978) that Congress did not intend that both 18 U.S.C. § 924(c) and 18 U.S.C. § 2113(d) be available in a prosecution arising out of a single incident of bank robbery with firearms, four federal appellate court decisions have vacated the robbery with firearms conviction and sentence under § 924(c) where the defendant was convicted under both sections. *United States v. Vaughan*, 598 F.2d 336, 337 (4th Cir. 1979); *United States v. Roach*, 590 F.2d 181, 184 (5th Cir. 1979); *United States v. Stewart*, 579 F.2d 356, 359–60 (5th Cir. 1978); and *United States v. Nelson*, 574 F.2d 277, 283 (5th Cir. 1978).

on." Our determination that the description of the offense of armed criminal action includes all of the elements of the underlying felony requires that the statute be construed as if this sentence were stricken from each subsection, since the double jeopardy clause prohibits imposing punishment for both armed criminal action and for the underlying felony.[12]

We reverse the judgment of the trial court insofar as it denied appellant relief from his conviction for armed criminal action; we affirm the judgment of the trial court insofar as it denied appellant relief from his conviction for robbery first degree. Appellant's conviction for armed criminal action is hereby set aside.

BARDGETT, C. J., SEILER, MORGAN and HIGGINS, JJ., concur.

RENDLEN, J., dissents in separate dissenting opinion filed.

DONNELLY, J., dissents in separate dissenting opinion filed and concurs in separate dissenting opinion of RENDLEN, J.

RENDLEN, Judge, dissenting.

The principal opinion overrules *State v. Treadway*, 558 S.W.2d 646 (Mo.1977). In *Treadway* this Court upheld defendant's conviction under § 560.120, RSMo 1969, the then applicable first degree robbery statute, and a conviction under § 559.225, RSMo Supp. 1976, the then applicable armed criminal action statute. As stated in *Treadway* at 652 "[t]he two offenses do not overlap." After pointing out that first degree robbery (under § 560.120) requires proof only of the taking of property by means of violence or fear whereas armed criminal action requires the proof of the use of a dangerous or deadly weapon during the commission of a felony, the Court went on to state, p. 652, "The use of a weapon is not an element of

first degree robbery, although it may factually be part of the transaction." The Court then concluded, "Since the two offenses are not the same in [the] law, appellant's double jeopardy protection has not been abrogated." Stated otherwise the crime under § 560.120 includes the statutory element of putting the victim in fear and the use of a dangerous or deadly weapon is not a necessary part of the crime. The fear may be produced by means other than a dangerous and deadly weapon and thus a statutory element occurs under § 560.120 which is separate and distinct from and does not occur in § 559.225 (armed criminal action). On the other hand, § 559.225 necessarily contains an element, i. e., the use of a dangerous and deadly weapon not included in § 560.120 and if the underlying crime is robbery, that there be "fear induced by a dangerous and deadly weapon" and by no other means. This then is another distinguishing element of § 559.225 not present in § 560.120. In sum, each crime contains statutory elements not included in the other and by the "*Blockburger* test" discussed at length in the majority, the crimes are separate and distinct and a prosecution for both is not barred by double jeopardy considerations. To the extent that the majority opinion holds otherwise and overrules our decision in *Treadway* I respectfully dissent.

DONNELLY, Judge, dissenting.

The principal opinion treats the *Per Curiam* in *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) as decisive here.

In my view, we are not bound by general declarations of law made by the United States Supreme Court. *See State v. Clark*, 592 S.W.2d 709, 719 (Mo. banc 1979) (Donnelly, J., dissenting).

12. In *State v. Treadway*, 558 S.W.2d 646, 653 (Mo. banc 1977), cert. denied, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978), this Court construed the phrase "in addition to" to permit the imposition of concurrent sentences for armed criminal action and the underlying felony, and held that the trial court must exercise its discretion whether to impose sentences consecutively or concurrently. Since we have determined in this case that the underlying felony, here robbery first degree, is a lesser included offense of armed criminal action, the determination that concurrent sentences may give effect to the legislative intent to authorize one sentence "in addition to" another does not solve the double jeopardy problem presented.

Of course, in a given factual setting, when the United States Supreme Court takes jurisdiction over the subject matter and the parties, its adjudication is the law of the case and its judgment is binding on this Court. But this is not the situation here.

I respectfully dissent.