Wallace SHELL, Plaintiff-Respondent,

v.

STATE of Missouri, Defendant-Appellant.

No. 43668.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 6, 1981.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for defendant-appellant.

Allen I. Harris, St. Louis, for plaintiff-respondent.

GUNN, Judge.

The state appeals from a trial court order granting defendant's motion under Rule 27.26 to vacate defendant's conviction and sentence for armed criminal action. We affirm.

Defendant was convicted of three counts of kidnapping, one count of first degree robbery, one count of enticing away a child and one count of armed criminal action (§ 559.225, RSMo Supp. 1976), all counts arising out of the same occurrence.

The trial court's subsequent reversal of the armed criminal action conviction is in accordance with Missouri Supreme Court decisions holding that convictions for both first degree robbery and armed criminal action, arising out of the same transaction, place defendant twice in jeopardy for the same offense in violation of the double jeopardy clause of the United States Constitution. *Sours v. State*, 593 S.W.2d 208 (Mo. banc), *vacated*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820, *on remand*, 603 S.W.2d 592 (Mo.banc 1980), *cert. denied*, 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981). The court recently reaffirmed the *Sours* principle in *State v. Haggard*, 619 S.W.2d 44 (Mo.banc 1981), after reevaluating *Sours* in light of *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).

The state contends that the *Sours* rule is contrary to dictates of the United States Supreme Court. We are constrained, however, to follow the unmistakable mandate of the Missouri Supreme Court and affirm the trial court's vacation of defendant's armed criminal action conviction. *State v. Harris*, 622 S.W.2d 330 (Mo.App.1981).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.