**STATE of Missouri, Respondent,**

v.

**John MIX, Appellant.**

No. 41862.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 1980.

James W. Whitney, Jr., Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Mary C. P. Pincus, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

JAMES D. CLEMENS, Senior Judge.

On a three-count indictment a jury found defendant John Mix guilty of first degree robbery, felonious assault and armed criminal action. The trial court imposed consecutive sentences of five, three and three years, respectively. Defendant appeals, contending his conviction for armed criminal action was unconstitutional as double jeopardy, as recently held in *Sours v. State*, 593 S.W.2d 208[1, 7–8] (Mo. banc 1980).

Defendant does not challenge the state's evidence: Defendant and two companions entered Ray Houston's store, drew weapons and announced a hold-up. As Houston fled from his store defendant followed him outside and fired a pistol at him. A patrolling policeman confronted defendant outside and he dropped his pistol and was arrested.

In *Sours*, supra, the defendant, as here, had been convicted of robbery with a deadly weapon and also with armed criminal action. The court reasoned, at l. c. 212, that "a person cannot be 'tried and convicted for a crime which has various incidents included in it', and at the same time be tried for one of those incidents, 'without being twice put in jeopardy for the same offense'" The court reversed the armed criminal action conviction, holding at l. c. 210, that "armed criminal action and the underlying felony, in this case robbery first degree are the 'same offense' for double jeopardy purposes."

In its supplementary brief the state challenges *Sours*, contending it is contrary to cited United States Supreme Court cases which bind our supreme court. By Section 2 of Article V of the Constitution of Missouri our supreme court's "decisions shall be controlling in all other courts". We follow *Sours* and as was done there we reverse the trial court judgment convicting defendant of armed criminal action. We affirm the judgment convicting defendant of first degree robbery and of felonious assault.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.