STATE of Missouri,
Plaintiff–Respondent,

v.

Cornelius WALKER,
Defendant–Appellant.

No. 42111.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied Dec. 15, 1980.

Terry Burnet, Asst. Public Defender, St. Louis, for defendant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff–respondent.

CRIST, Judge.

Defendant was convicted by a jury of two counts of robbery in the first degree, in violation of § 560.120, RSMo. 1969, and one count of armed criminal action in violation of § 559.225, RSMo.Supp. 1976. He was sentenced, consecutively, to five years each on the robbery counts. He was also sentenced to three years on the armed criminal action count, to run concurrently with the robbery counts. Defendant appeals. We reverse in part.

On September 27, 1977, defendant, accompanied by another man and a woman, entered the King Service Station in St. Louis, Missouri. Defendant was carrying a sawed–off rifle in a bag. Defendant and his companions robbed the owner and two employees of the service station.

Defendant charges error in the conviction of all such offenses by reason of double jeopardy, citing *Sours v. State*, 593 S.W.2d 208 (Mo.banc Jan.1980) (*Sours I*). He is correct as to the armed criminal action sentence.

By authority of *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the United States Supreme Court ordered *Sours I* vacated and reconsidered. *Missouri v. Sours*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980). Upon reconsideration, the Missouri Supreme Court re–affirmed its findings that conviction of armed criminal action and the underlying felony constitutes a violation of the prohibition against double jeopardy. *Sours v. State*, 603 S.W.2d 592 (Mo.banc 1980) (*Sours II*). By reason of this mandate, the three year sentence for armed criminal action cannot stand but the robbery convictions are valid.

That part of the judgment of the circuit court imposing a three year sentence on defendant for armed criminal action is reversed. That part of the judgment imposing the two, consecutive sentences on defendant for robberies in the first degree is affirmed.

DOWD, P. J., and REINHARD, J., concur.