Woodrow J. VAUGHN,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 42307.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 14, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied
Dec. 15, 1980.

---

James J. Knappenberger, Shaw, Howlett & Schwartz, Clayton, for movant-appellant.

Steven W. Garrett, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

This is an appeal from the denial of a Rule 27.26 motion. Woodrow J. Vaughn, the movant-appellant, pleaded guilty to charges of first degree robbery and armed criminal action, and now seeks to have his guilty pleas vacated.

On October 13, 1977 the movant pleaded guilty to four felony counts: Counts I and III, robbery first degree by putting the victim in fear, and Counts II and IV, armed criminal action. At the guilty plea hearing, the movant was informed of the rights he was entitled to if he decided to go to trial, the range of punishment for the offenses charged and the sentences he would receive if he pleaded guilty. The court determined that the guilty pleas were voluntarily and knowingly entered. The court imposed a concurrent sentence of three years for each armed criminal action charge and a concurrent sentence of seven years for each robbery first degree charge, with the seven year sentence to run consecutively with the three year sentence.

Movant's Rule 27.26 motion alleged, among other things, that the armed criminal action statute under which he was sentenced was vague and unconstitutional. Respondent filed a motion to dismiss the 27.26 motion alleging in part that because the movant had pleaded guilty to the armed criminal action charges he had waived any constitutional challenge to the statute, and the court below sustained the motion to dismiss on that basis.

Movant raises one point on appeal: the trial court erred in dismissing movant's Rule 27.26 motion by making a finding that movant's plea of guilty waived any objection to the constitutionality of the armed criminal action statute. On this appeal respondent does not take issue with movant's right to challenge the constitutionality of the armed criminal action statute, but rather, argues that the statute is constitutional.

Movant contends that the armed criminal action convictions cannot stand because of the rule against double jeopardy, citing *Sours v. State*, 593 S.W.2d 208 (Mo. banc,

Jan. 1980) (*Sours I*). By authority of *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the United States Supreme Court ordered *Sours I* vacated and reconsidered. *Missouri v. Sours*, 445 U.S. ——, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980). The Missouri Supreme Court reconsidered *Sours I* pursuant to the United States Supreme Court mandate and reaffirmed its conclusion that conviction of armed criminal action and the underlying felony of first degree robbery constitute a violation of the rule against double jeopardy. *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (*Sours II*). By reason of *Sours II*, the sentences for armed criminal action are reversed. The two concurrent sentences for robbery first degree are affirmed.

REINHARD and CRIST, JJ., concur.