**Thomas LACY, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 42230.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 7, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied
Dec. 15, 1980.

James C. Jones, St. Louis, for movant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Rule 27.26 proceeding. We reverse in part.

Movant pled guilty to two counts of first degree robbery, in violation of § 560.120,

RSMo 1969 and one count of armed criminal action, in violation of § 559.225, RSMo Supp.1976. He was sentenced, concurrently, to five years on each of the robbery counts and three years on the armed criminal action count, the three years for armed criminal action to run consecutively. Movant filed a Rule 27.26 motion which was denied. Movant appeals.

On May 18, 1977, movant robbed, at gunpoint, the owner and the manager of Lewis' Snack Shop in St. Louis, Missouri.

Defendant charges error in the sentencing on all such offenses by reason of double jeopardy, citing *Sours v. State*, 593 S.W.2d 208 (Mo. banc, Jan. 1980) (*Sours I*). He is correct as to the armed criminal action sentence.

By authority of *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the United States Supreme Court ordered *Sours I* vacated and reconsidered. *Missouri v. Sours*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980). Our Missouri Supreme Court reconsidered *Sours I* pursuant to the United States Supreme Court mandate. *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (*Sours II*). By reason of *Sours II*, the three year sentence for armed criminal action cannot stand but the robbery sentences are valid.

That part of the judgment of the circuit court imposing a three year sentence on defendant for armed criminal action is reversed. That part of the judgment imposing two, concurrent sentences on defendant for robberies in the first degree is affirmed.

REINHARD and SNYDER, JJ., concur.