**Joseph Frank ROCCO,**
**Plaintiff-Respondent,**

v.

**STATE of Missouri,**
**Defendant-Appellant.**

**No. 43477.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 1, 1981.

---

George Westfall, Pros. Atty., Robt. G. O'Blennis, Clayton, John Ashcroft, Atty. Gen., Henry T. Herschel, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

William Shaw, Public Defender, Timothy Gardner, Asst. Public Defender, Clayton, for plaintiff-respondent.

GUNN, Judge.

The state appeals from a trial court order granting defendant's motion under Rule 27.26 to vacate defendant's conviction and sentence for armed criminal action. We affirm.

Defendant entered guilty pleas to one count of first degree robbery (§ 560.120, RSMo 1969), and one count of armed criminal action (§ 559.225, RSMo Supp. 1976), both counts arising out of the same occurrence. He was sentenced to seven year's imprisonment on the robbery count and to a concurrent three year term on the armed criminal action count.

The trial court's subsequent reversal of the armed criminal action conviction is in accordance with Missouri Supreme Court decisions holding that convictions for both first degree robbery and armed criminal action, arising out of the same transaction, place defendant twice in jeopardy for the same offense in violation of the double jeopardy clause of the United States Constitution. *Sours v. State*, 593 S.W.2d 208 (Mo. banc), *vacated*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820, *on remand*, 603 S.W.2d 592 (Mo. banc 1980), *cert. denied*, 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981). The court recently reaffirmed the *Sours* principle in *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981), after re-evaluating *Sours* in light of *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).

The state contends that the *Sours* rule is contrary to dictates of the United States Supreme Court. We are constrained, however, to follow the unmistakable mandate of the Missouri Supreme Court and affirm the trial court's vacation of defendant's armed criminal action conviction. *State v. Harris*, 622 S.W.2d 330 (Mo.App.1981).

Judgment affirmed.

CRIST, P. J., and SMITH, J., concur.