James E. **BENNETT**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 62899.

Supreme Court of Missouri,
En Banc.

Nov. 10, 1981.

Rehearing Denied Dec. 8, 1981.

Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

PER CURIAM:

We ordered this case transferred from the Court of Appeals, Western District, pursuant to Rule 83.06, in April 1981. We now decide the case as if on original appeal. Mo.Const.art. V, § 10.

On February 21, 1979, appellant Bennett, pursuant to a plea bargain, pleaded guilty to four counts of robbery first degree, § 560.120, RSMo 1969, one count of armed criminal action, § 559.225, RSMo Supp.1976, and one count of carrying a concealed weapon, § 564.610, RSMo 1969. Appellant was sentenced to five concurrent ten-year terms for the robbery and armed criminal action convictions and to a concurrent five-year term for the concealed weapon conviction.

Appellant filed a Rule 27.26 motion seeking to set aside the armed criminal action conviction and sentence for the reason that he had not been apprised, at the time he pleaded guilty, that a conviction of armed criminal action meant he would not be eligible for parole, probation, conditional release, or suspended imposition or execution of sentence for a period of three years. The trial court granted appellant his requested relief.

Subsequently, appellant filed a pro se motion arguing that he was entitled to be resentenced on all of the remaining convictions because the trial court had impermissibly considered the invalid armed criminal action charge in assessing punishment for the other convictions. This motion was overruled, the trial court noting: "In the instant case defendant made a package plea bargain. The trial court here was not asked to exercise any discretion."

Appellant appeals.

As noted above, the trial court vacated appellant's armed criminal action conviction

and sentence because appellant had not been advised of his ineligibility for parole for three years. We express no opinion as to the correctness of the reasoning employed by the trial court in making its ruling. It suffices to say that the ruling vacating the armed criminal conviction and sentence was correct for the reasons expressed in *Sours v. State*, 593 S.W.2d 208 (Mo. banc), *vacated*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820, *on remand*, 603 S.W.2d 592 (Mo. banc 1980), *cert. denied*, 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981); and *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981).

As to appellant's contention that he is entitled to be resentenced on his other convictions, we fail to see how appellant was prejudiced. By his own allegations, appellant believed at the time of sentencing that he was to receive *five* concurrent ten-year sentences and one concurrent five-year sentence with no restraint on his eligibility for parole. As a result of the trial court's action vacating his armed criminal action conviction and sentence, appellant is left with *four* concurrent ten-year sentences, one concurrent five-year sentence, and no statutory restraint on parole eligibility.

Affirmed.

All concur.