**Michael Anthony CLARK,
Plaintiff-Respondent,**

v.

**STATE of Missouri,
Defendant-Appellant.**

**No. 43685.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 8, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for defendant-appellant.

Robert Meyers, Clayton, for plaintiff-respondent.

DOWD, Judge.

The trial court in a Rule 27.26 motion vacated a judgment and sentence for an armed criminal action conviction based on double jeopardy. The state appeals. We affirm.

Defendant pleaded guilty to one count of robbery in the first degree, one count of robbery in the second degree and one count of armed criminal action. The court imposed two concurrent sentences of fourteen years for the robbery convictions and a three year sentence for the armed criminal action conviction to be served concurrently with the robbery convictions.

In defendant's Rule 27.26 motion, defendant contends he was placed in double jeopardy by virtue of being charged with robbery in the first degree and armed criminal action.

We hold that the trial court acted without error in vacating the conviction and sentence for armed criminal action. The court in so doing followed the holdings of the Missouri Supreme Court that convictions for both robbery in the first degree and armed criminal action, arising out of the same transaction, place defendant twice in jeopardy for the same offense in violation of the double jeopardy clause of the United States Constitution. *Sours v. State*, 593 S.W.2d 208 (Mo. banc), *vacated*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820, *on remand*, 603 S.W.2d 592 (Mo. banc 1980), *cert. denied*, 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981). The court recently reaffirmed the *Sours* holdings in *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981), after reevaluating *Sours* in light of *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).

The state argues that the *Sours* holdings of the Missouri Supreme Court are contrary to holdings of the United States Supreme Court citing *Brintley v. Michigan*, 444 U.S. 948, 100 S.Ct. 418, 62 L.Ed.2d 317 (1979); *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). The state argues that this court should not follow Missouri Supreme Court holdings that extend restrictions, as a matter of federal constitutional law, on the state's ability to define and prosecute a crime, when the United States Supreme Court has specifically refrained from imposing such restrictions.

We are required to follow the clear mandate of the Missouri Supreme Court and accordingly affirm the trial court's order vacating defendant's armed criminal action conviction. *State v. Harris*, 622 S.W.2d 330, (Mo.App.E.D., 1981).

Judgment affirmed.

STEPHAN, P. J., and STEWART, J., concur.