**George Everett WHITE,
Plaintiff-Respondent,**

v.

**STATE of Missouri,
Defendant-Appellant.**

No. 43815.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 8, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, or defendant-appellant.

James Whitney, Clayton, for plaintiff-respondent.

DOWD, Judge.

The state appeals from a trial court order granting defendant's motion under Rule 27.26 to vacate defendant's conviction and sentence for armed criminal action. We affirm.

Defendant pleaded guilty and was sentenced to an eight year term for robbery in the first degree (§ 560.120 RSMo. 1969, now § 569.020 RSMo 1978) and a three year term for armed criminal action (§ 559.225 RSMo Supp. 1976, now § 571.015 RSMo Supp. 1978), the sentences to be served consecutively. Defendant filed a motion pursuant to Rule 27.26 contending that he was placed twice in jeopardy by virtue of his being charged with robbery in the first degree and armed criminal action.

We find no error in the trial court's action in vacating the conviction and sentence for armed criminal action. The court in so doing followed the holdings of the Missouri Supreme Court that convictions for both robbery in the first degree and armed criminal action, arising out of the same transaction, place defendant twice in jeopardy for the same offense in violation of the double jeopardy clause of the United States Constitution. *Sours v. State*, 593 S.W.2d 208 (Mo. banc), *vacated*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820, *on remand*, 603 S.W.2d 592 (Mo. banc 1980), *cert. denied*, 449 U.S. 1131, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981). The court recently reaffirmed the *Sours* holdings in *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981), after reevaluating *Sours* in light of *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).

The state argues that the *Sours* holdings of the Missouri Supreme Court are contrary to holdings of the United States Supreme Court citing *Brintley v. Michigan*, 444 U.S. 948, 100 S.Ct. 418, 62 L.Ed.2d 317 (1979); *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). The state argues that this court should not follow Missouri Supreme Court holdings that extend restrictions, as a matter of federal constitutional law, on the state's ability to define and prosecute a crime, when the United States Supreme Court has specifically refrained from imposing such restrictions.

We are required to follow the clear mandate of the Missouri Supreme Court and accordingly affirm the trial court's order vacating defendant's armed criminal action conviction. *State v. Harris*, 622 S.W.2d 330, (Mo.App. E.D., 1981).

Judgment affirmed.

STEPHAN, P.J., and STEWART, J., concur.