STATE of Missouri, Respondent,

v.

Van WOODS, Appellant.

No. 40042.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 28, 1978.

Robert C. Babione, Public Defender, Christelle Adelman-Adler, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Thomas C. Muldoon, St. Louis, for respondent.

CLEMENS, Judge.

A jury found defendant guilty of first degree robbery (§ 560.120, VAMS) and of armed criminal action (§ 559.225, L. 1976). As a second offender, defendant was sentenced by the court to consecutive terms of 20 years' imprisonment on the former offense and three years on the latter.

We first deal with defendant's attack upon the evidentiary admission of a document found on his companion in the charged robbery. We then consider defendant's attack upon the form of the information and his double jeopardy contention.

Defendant presented no evidence and does not challenge the sufficiency of the state's evidence: Defendant and Herbert

Armstrong entered a store, ostensibly as customers. Defendant pulled a gun and announced a holdup. Armstrong took money from a safe, which triggered a burglar alarm. Both men fled and separated but were soon arrested and identified by the victim.

■ Over defendant's relevancy objection the court admitted into evidence an address book carried by Armstrong and listing defendant's name and address. Defendant contends the book was irrelevant because the state showed no connection between the book and the crime charged. True, but it did show a connection between defendant and Armstrong, whose identifications were in issue, and who after the crime were apprehended at different times and places. We cannot say the address book had no probative value, and therefore hold the trial court did not abuse its broad discretion in its evidentiary ruling. Compare *State v. Johnson,* 539 S.W.2d 493 [45, 46] (Mo.App.1976).

■ Defendant's first challenge to the information charging armed criminal action is that it cites the wrong statute. It did, charging violation of § 556.140, but at the time of the charged offense that section had been repealed and replaced by § 559.-225. The information precisely followed the language of the correct statute, § 559.-225, so defendant was not misled. Rule 24.11, VAMR, based on the traditional "statute of Jeofaile," provides a charge shall not be deemed invalid for any "repugnant allegation when there is sufficient matter alleged to indicate the crime and person charged," nor "any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits . . . ."

We deny defendant's challenge to the form of the information and now consider his double jeopardy contention.

■ Defendant contends the trial court erred in denying his motion to dismiss the armed criminal action count on the ground of double jeopardy. He reasons that "the same act of force" was involved in both the robbery charge and the armed criminal charge. This same contention was raised and denied in the factually similar case of *State v. Treadway,* 558 S.W.2d 646[8–13] (Mo. banc 1977), where the court ruled:

> "The two offenses do not overlap. First degree robbery requires proof only of the taking of property by means of violence or fear. Armed criminal action requires proof of the use of a dangerous or deadly weapon during the commission of a felony. The use of a weapon is not an element of first degree robbery, although it may factually be a part of the transaction . . . Since the two offenses are not the same in law, appellant's double jeopardy protection has not been abrogated."

So it is here.

■ Defendant next makes a parallel contention that the armed criminal action charge is based on a general statute and cannot be applied because the more specific first degree robbery statute defines the crime. This same contention was made and denied in *Treadway,* supra, where the court held:

> "Prosecution under the armed criminal action statute is not precluded due to a more specific statute imposing punishment for use of a weapon during the commission of a robbery."

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.