**Van WOODS, Appellant,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Appellee.**

No. 79–1849.

United States Court of Appeals,
Eighth Circuit.

Submitted March 3, 1980.

Decided March 10, 1980.

Richard A. Fredman, Freidman, Watkins, Fredman & Kopf, St. Louis, Mo., on brief for appellant.

John Ashcroft, Atty. Gen. and Michael Elbein, Asst. Atty. Gen., Jefferson City, Mo., on brief for appellee.

Before BRIGHT, STEPHENSON, and McMILLIAN, Circuit Judges.

REMAND ORDER

PER CURIAM.

According to the record and briefs in this case, appellant Woods and a codefendant committed a holdup, fled the scene of the crime, and were later apprehended. The State of Missouri prosecuted Woods on two charges—first degree robbery (Mo.Ann. Stat. § 560.120 (Vernon 1953) (current version at Mo.Ann.Stat. § 569.020 (Vernon 1979))), and armed criminal action (Mo.Rev. Stat. § 559.225 (Vernon Supp.1979) (current version at Mo.Ann.Stat. § 571.015 (Vernon 1979))). A jury found Woods guilty of both charges and the state trial judge sentenced him to consecutive terms of twenty years' imprisonment on the robbery offense and three years' imprisonment on the armed criminal action. The Missouri Court of Appeals sustained the convictions and, among other things, rejected the challenge to the armed criminal action count on grounds of double jeopardy—that the same "act of force" was involved in both the robbery charge and the armed criminal charge. *State v. Woods,* 574 S.W.2d 942 (Mo.App. 1978).

Thereafter, Woods sought habeas corpus relief in the United States District Court from the conviction. Among other grounds for relief, Woods argued that the conviction for robbery in the first degree and armed criminal action have subjected him to multiple punishments for the same criminal offense, in violation of his federal constitutional rights arising under the double jeopardy clause of the fifth amendment to the United States Constitution as made applicable to the State of Missouri under the fourteenth amendment. *See Benton v. Maryland,* 395 U.S. 784, 793–96, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The district court referred the claim to a magistrate for a report and recommendation. The magistrate recommended dismissal of the habeas corpus petition and, specifically addressing the double jeopardy claim, observed that the Missouri Court of Appeals in affirming Woods' conviction had rejected the double jeopardy attack, relying on *State v. Treadway,* 558 S.W.2d 646 (Mo.Sup.Ct.1977) (*en*

**1050**

banc), *cert. denied*, 439 U.S. 838, 99 S.Ct. 124, 58 S.E.2d 135 (1978). The magistrate wrote: "Petitioner offers us no authority which refutes the state's position in *Treadway.*" The district court adopted the magistrate's recommendation and dismissed the petition.

The matter is now before us for disposition and the parties have briefed their respective positions. After the filing of the briefs, the state, by a letter dated February 5, 1980, now advises us that the Missouri Supreme Court has overruled *State v. Treadway, supra,* in *Sours v. State,* 593 S.W.2d 208, 217 n.3, 218 (Mo.Sup.Ct., 1980) (*en banc*). The Missouri Supreme Court, construing the language of its armed criminal action statute, has determined that the charge of armed criminal action includes first degree robbery. *Id.* at 219–220.

Thus, according to the Missouri Supreme Court, armed criminal action and the underlying felony (first degree robbery) constitute one offense, not two. The Missouri Supreme Court granted relief to the petitioner in *Sours* by striking the additional sentence imposed by reason of the armed criminal action statute, Mo.Rev.Stat. § 559.-225 (Vernon Supp.1976) (current version at Mo.Ann.Stat. § 571.015 (Vernon 1979)).

Appellee State of Missouri notes that *Sours* is not yet a final decision and it suggests that it should not be followed or that the petitioner's claim should be taken to state court.

In light of the change in Missouri law, we deem it appropriate to remand this case to the district court for further consideration and for appropriate disposition at such time as the decision in *Sours v. Missouri, supra,* becomes final.

Judgment vacated without prejudice and cause remanded.