STATE of Missouri,
Plaintiff-Respondent,

v.

John J. SHAW, Defendant-Appellant.

No. 49055.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 22, 1985.

Motion for Rehearing and/or Transfer
Denied Nov. 21, 1985.

Application to Transfer Denied
Jan. 15, 1986.

Sarah Pleban, Asst. Public Defender, Clayton, for defendant-appellant.

William Webster, Atty. Gen., Mark A. Richardson, Asst. Atty. Gen., Jefferson City, Buzz Westfall, Pros. Atty., Robert McCulloch, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

PUDLOWSKI, Judge.

Appellant John Shaw was convicted by a jury of robbery first degree, RSMo § 569.-020 (1978); two counts of armed criminal action, RSMo § 571.015 (1978); kidnapping, RSMo § 565.110 (1978); rape, RSMo § 566.-030 (1978); and two counts of sodomy, RSMo § 566.060 (1978). He was sentenced

to serve concurrent terms of ten years for robbery first degree, three years for each count of armed criminal action, ten years for kidnapping, concurrent twenty year sentences for each count of sodomy, and twenty years for rape. The trial court ordered the sentence for rape to be served consecutive to the sentences for sodomy which were to be served consecutive to the sentences for the non-sex crimes. We affirm.

In this case, the jury reasonably could have found the facts to be as follows:

On September 29, 1983 around 1:30 a.m., the victim returned home after work to her apartment in Ferguson, Missouri. After parking her car, she began walking to her apartment. At that time, a man later identified by her as Darwin Conley approached with a gun. He threatened the victim and stole her purse. Conley then directed her to walk between the apartment buildings. Appellant was waiting at the corner of one of the buildings and followed the victim as she walked behind Conley.

Between the two buildings, Conley removed his jacket and placed it over the victim's head. Appellant and Conley then forced her into a car and drove a short distance. After Conley and the victim left the car, appellant drove away. Thereafter, Conley forced the victim to walk to a grassy area. With his jacket still over her head, Conley raped her.

When Conley was finished, the victim noticed appellant. He raped her and then committed an act of anal sodomy. Appellant then ripped the victim's blouse and bra apart. At this point, the jacket slipped down and she could see a little. Appellant then ordered the victim to commit an act of oral sodomy while Conley held the gun to her head.

Thereafter, the victim was ordered to lie on her stomach while appellant and Conley went through her purse. Appellant then hit her in the back of her head and ordered her to put her head down. About five to ten minutes later, the victim, clad only with her ripped blouse and bra, made her way to a nearby apartment where the police were summoned. She was later treated at Christian Hospital where tests performed on vaginal and rectal smears revealed the presence of sperm.

On October 25, 1983, the victim was hypnotized by an officer from the Ferguson Police Department. Two days later, she identified the appellant and Conley from a photo array. At the pretrial motion hearing, the victim testified the hypnotic session did not affect her subsequent identification of the suspects.[1] At trial, the victim identified the appellant again. In addition, Detective Charles Whitener, who investigated this case, testified that he had seen appellant and Conley together but did not know when. After hearing the state's case, appellant having presented none, the jury found the appellant guilty on all seven counts.

On appeal, appellant raises two points. He does not contest the sufficiency of the evidence. First, appellant alleges the trial court erred in permitting Detective Whitener to testify that he had seen the appellant with Conley prior to the instant crimes. Second, he contends the trial court erred in refusing to grant a mistrial after the prosecutor disclosed during his closing argument a judicial determination which had been made earlier outside the hearing of the jury.

■ In his first point, appellant alleges the trial court erred in allowing Detective Whitener to testify that he had seen appellant in the presence of his accomplice, Darwin Conley, prior to the commission of the instant crimes. The following is the disputed testimony:

Mr. McCulloch: Officer, prior to October the 27th, had you seen John Shaw and Darwin Conley together in the neighborhood, the Ferguson area?

1. The hypnotic session, although a significant subject of pretrial argument, is not an issue before us on appeal.

Detective Whitener: Are you asking about any time or just that area?

Q. I don't mean that day.

A. Yeah.

Q. Had you ever seen the two of them together?

A. Yeah, but I don't recall exactly when, sir.

Q. That's—I'm not concerned about exactly when, but you had seen them together?

A. Oh, yeah, yeah—yes.

Appellant argues that this testimony was irrelevant and too remote to the issues before the trial court. We disagree.

In criminal proceedings, questions of relevancy are left to the discretion of the trial court and its ruling will not be overturned unless an abuse of discretion is shown. *State v. Wood,* 596 S.W.2d 394, 402 (Mo. banc 1980), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). Evidence is relevant if it tends to prove or disprove a fact in issue or corroborates relevant evidence bearing on the principal issue. *Id.* Moreover, before evidence can be excluded on the ground that it is irrelevant, it must be so beyond a doubt. *State v. Bates,* 540 S.W.2d 161, 166 (Mo.App.1966). Indeed, if the question of relevancy is doubtful, the settled rule is that the evidence should go to the jury for their own evaluation of it. *Id.*

In the present case, Detective Whitener's testimony that he had previously seen the appellant in the company of his accomplice Conley does not fail for remoteness nor for want of relevancy. His testimony was not without probative value on the question of appellant's identification and his association with Conley. In his indictment, appellant was charged with acting with another. Detective Whitener's testimony made it more likely than not that appellant acted with Conley to commit the instant crimes. In addition, Detective Whitener's testimony that he had seen Conley and appellant together corroborated the victim's testimony that appellant and Conley acted together to commit the crimes charged.

Indeed, Detective Whitener's testimony in the instant case is not unlike the evidence admitted in *State v. Woods,* 574 S.W.2d 942 (Mo.App.1978). In *Woods,* the state introduced into evidence a co-defendant's address book which listed the defendant's name and address. The trial court overruled the defendant's objection that the address book was irrelevant. On appeal, this court held that although the state showed no connection between the book and the crime charged, the evidence was probative on the question of the defendant's association with his co-defendant. *Id.* at 943. Similarly, although Detective Whitener's testimony in the present case established no link between his prior sighting of Conley and appellant together and the instant crimes, it was clearly admissible on the issue of appellant's association with Conley. Accordingly, the trial court did not abuse its wide discretion in admitting Detective Whitener's testimony.

■ Appellant also argues the trial court erred in overruling his objections to the prosecutor's closing argument which misstated Detective Whitener's testimony. In his brief, appellant neither researched this argument nor raised it in his points on appeal. We, therefore, consider it under plain error. Rule 30.20. Our review is limited by the trial court's broad discretion in the control of oral argument and when manifest injustice is the standard, improper argument will not justify reversal unless its effect is decisive on the jury's determination. *State v. Wren,* 643 S.W.2d 800, 802 (Mo.1983). In addition, prosecutorial misstatements which refer to facts not in evidence generally do not constitute reversible error per se. In such instances, the court is under an obligation to consider the whole record to determine whether the error was sufficiently prejudicial to have denied the defendant a fair trial. *State v. Bailey,* 526 S.W.2d 40, 43 (Mo.App.1975).

In the present case, Detective Whitener testified that he had previously seen the appellant in the company of Darwin Conley. On closing argument, the prosecutor stated the following:

You know, *the officers* told you that they know Shaw and Conley from around the neighborhood. *They* have seen them around the neighborhood. Officer Whitener told you that and that *they are pals.* (Emphasis added.)

Our review of the whole record shows no abuse of discretion by the trial court. It is well settled that in closing argument counsel may draw non-evidentiary conclusions which are fairly justified as a matter of inference from the evidence. *Bailey,* 526 S.W.2d at 43. Moreover, even when a remark is deemed improper, it does not follow that it was also prejudicial. *State v. Johnson,* 539 S.W.2d 493, 513 (Mo.App. 1976), *cert. denied,* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977). Although, on closing argument in this case, the prosecutor elaborated on Detective Whitener's testimony—more than one officer having seen appellant and Conley together and that appellant and Conley were "pals"—these statements were not decisive on the jury's determination nor manifestly unjust. Indeed, the prosecutor's statements, although slightly misstating the evidence, were no more than permissible non-evidentiary conclusions which he fairly could have drawn from Detective Whitener's testimony: if appellant and Conley were seen together, it was not unreasonable to infer that they could have known each other; it also followed that if one officer had seen the two together, then others could have too.[2]

■ We next address appellant's remaining point on appeal. In this point, appellant contends the trial court erred in failing to grant a mistrial after the prosecutor partially disclosed a judicial determination made earlier outside of the jury's presence. The following comments were found objectionable:

The final point I do want to make is the bit about the hypnosis in this case. Mrs. Pleban (defense counsel) knows exactly what occurred during that session

and she knows that this judge decided yesterday—

Thereafter, appellant's counsel objected and asked to approach the bench. At the bench, the trial court sustained appellant's objection and later admonished the jury to disregard the prosecutor's comments. In addition, the trial court overruled appellant's motion for a mistrial based on the above remarks by stating:

I'll deny the motion for a mistrial I don't believe the argument had gotten far enough along to even say what he intended to say. Although it is apparent to us, I'm sure it wasn't apparent to the jury what he was going to say.

Under the circumstances before us, we cannot hold as a matter of law that the trial court abused its discretion in not declaring a mistrial. The declaration of a mistrial is a drastic remedy to be employed only in the most extraordinary of circumstances. *State v. Gilmore,* 681 S.W.2d 934, 943 (Mo. banc 1984). The granting of which is vested in the sound discretion of the trial court, which is in the best position to determine what, if any, impact the prosecutor's statement had on the jury. *State v. Williams,* 664 S.W.2d 226, 228 (Mo.App. 1983). Indeed, the admonition of the jury, not the declaration of a mistrial, generally cures the prejudicial effect of improper prosecutorial comment. *State v. Davison,* 601 S.W.2d 623, 627 (Mo.1980). Certainly, the prosecutor's remarks, *supra,* did not rise to the level necessary to require a mistrial when considered in the light of the incompleteness of the prosecutor's comments, the trial court's wide discretion over closing argument, its determination that the remarks had no effect on the jury, the fact that it sustained appellant's objection, and its instruction to the jury to disregard the comments.

■ On appeal, the state raises one contention. The state posits that this court should remand to the trial court for resentencing in accordance with RSMo § 558.-

**2.** It was revealed during the pretrial motion hearing, which was not before the jury, that

appellant and Conley were related.

026.1 (Cum.Supp.1984). We agree. In the present case, the trial court imposed concurrent twenty year sentences for each count of sodomy. This result is contrary to the mandate of RSMo § 558.026.1 which requires a sentence imposed on a sex crime to be consecutive to the sentence for any other sex crime. *State v. Toney*, 680 S.W.2d 268, 273 (Mo.App.1984); *Adams v. State*, 688 S.W.2d 401, 402 (Mo.App.E.D. 1985). Therefore, we vacate the concurrent sentences imposed on appellant's two convictions for sodomy and remand to the trial court with instructions that appellant's two sentences for sodomy be ordered to be served consecutive to each other pursuant to RSMo § 558.026.1.

We affirm appellant's convictions on all seven counts. We vacate appellant's concurrent sentences for sodomy and remand for resentencing in accordance with RSMo § 558.026.1.

CRANDALL, P.J., and KELLY, J., concur.