STATE of Missouri, Plaintiff/Respondent,

v.

Marion S. HARGER, Defendant/Appellant.

No. 56718.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 13, 1991.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for defendant/appellant.

Thomas M. Bauer, St. Louis, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendant was convicted by a jury of forcible rape, § 566.030, RSMo 1986, and forcible sodomy, § 566.060, RSMo 1986. The jury assessed his punishment at 25 years on each charge. The trial court sentenced him in accordance with the jury verdict and ordered the sentences to be served consecutively. We remand with instructions.

Defendant was employed as a cab driver. On his day off, he went to a bar where he met Mary, the victim's roommate. After the bar closed he and Mary went to a bar in East St. Louis. The cab driver who drove defendant back to St. Louis testified that defendant was angry because Mary had allegedly taken some of defendant's money and then left with another man. Victim testified at trial and in her pre-trial deposition that defendant pushed his way into the house she shared with Mary and raped victim in revenge for Mary's behavior. During the attack victim was choked and struck by defendant. Approximately two months after the attack victim was admitted to the Hyland Drug Rehabilitation Center to be treated for cocaine addiction.

During her testimony she admitted to using marijuana prior to the attack but denied using cocaine until after the attack. Further, she claimed that her drug use was a direct result of the emotional distress caused by the attack.

Defendant testified that he had purchased cocaine at the bar in East St. Louis. He admitted that he had gone to Mary's house to demand that she return the money she had taken. While he was waiting for Mary to return he mentioned to victim that he had some cocaine. She then offered him sex in exchange for cocaine. After they had sex he left without delivering on his part of their bargain. According to defendant, she then became angry and called police to accuse him of rape. After his arrest defendant stated to police that the sexual contact had been consensual but made no mention of the cocaine for sex bargain alleged at trial.

■ Defendant contends that the trial court erred in imposing consecutive sentences for the rape and sodomy convictions. At the sentencing hearing the trial court followed the holdings of prior Eastern District cases holding that § 558.026.1, RSMo 1986, requires consecutive sentences any time a sex crime is committed at the same time as any other felony even if the additional felony is also a sex crime. *See State v. Toney*, 680 S.W.2d 268 (Mo.App.1984); *State v. Shaw*, 701 S.W.2d 514 (Mo.App. 1985). Recently, the Missouri Supreme Court ruled in *State v. Burgess*, 800 S.W.2d 743, 745 (Mo. banc 1990) that "when a defendant's convictions consist only of sex offenses the sentencing court has discretion to run them concurrently." *See also Williams v. State*, 800 S.W.2d 739 (Mo. banc 1990). Thus, a remand is required for resentencing.

■ Defendant also argues that he was entitled to see victim's records from the Hyland Drug Rehabilitation Center in order to determine if she had made statements admitting that she had taken cocaine prior to August 29, 1988, the date of the assault. Such evidence would be admissible as a prior inconsistent statement im-

peaching her trial testimony on an important part of defendant's defense.

The court had originally taken a position that the records were admissible stating:

> But without the court taking a look at those records there is no way under the sun, in my opinion, the Court can say those are not admissible, because if she makes admissions to the people—if she goes into a drug treatment center within two or three months of this event occurring, in my opinion, there is some real strong evidence that she was using at the time this occurred.... But the very minute you get somebody mainlining cocaine within two months after this occurrence—It is almost beyond my belief that a person would start with cocaine after this occurrence and be mainlining within two months, that would be highly unusual.

When informed of the statement defendant made to police officers wherein he admitted consensual sex but made no mention of sex for cocaine the court changed its position.

While the defendant attempts to obtain this information under Rule 25.03, this rule does not apply to the material sought because of the restrictions placed upon disclosure by the Drug Abuse Prevention, Treatment and Rehabilitation Act, 42 U.S.C. § 290ee–3. *See State v. Walker*, 639 S.W.2d 854, 859 (Mo.App.1982). The law provides that patient records shall be confidential. The patient may consent to release portions of the record and the courts may in certain circumstances order disclosure.

Our reading of the federal regulations enacted pursuant to the Act convinces us that the present situation fits into an exception to the patient confidentiality rules.

> (a) A court order under these regulations may authorize disclosure of confidential communications made by a patient to a program in the course of diagnosis, treatment, or referral for treatment only if:
>
> (2) The disclosure is necessary in connection with investigation or prosecution of an extremely serious crime, such as one which directly threatens loss of life or serious bodily injury, including homi-

cide, *rape*, kidnapping, armed robbery, assault with a deadly weapon, or child abuse and neglect; ... 42 CFR Part II, § 2.62. (1987) (Emphasis added).

Additional regulations govern the procedures to be used, and criteria for disclosure:

> (c) Review of the evidence: Conduct of hearing. Any oral argument, review of evidence, or hearing on the application must be held in the judge's chambers or in some manner which ensures that patient identifying information is not disclosed to anyone other than a party to the proceeding, the patient, or the person holding the record, unless the patient requests an open hearing in a manner which meets the written consent requirements of these regulations. The proceeding may include an examination by the judge of the patient records referred to in the application.
>
> (d) Criteria for entry of order. An order under this section may be entered only if the court determines that good cause exists. To make this determination the court must find that:
>
> (1) Other ways of obtaining the information are not available or would not be effective; and
>
> (2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services. 42 CFR Part II, § 2.64 (1987).

Clearly, in the instant case if the records did contain an admission by victim of cocaine use at the time of the attack the outcome of this trial could have been affected. Defendant's defense was premised upon victim's use of cocaine at and prior to the assault.

> The basic object of the discovery process in criminal proceedings is to permit the defendant a decent opportunity to prepare in advance of trial and avoid surprise, thus extending to him fundamental fairness which the adversary system aims to provide. *State v. Scott*, 647 S.W.2d 601, 606 (Mo.App.1983).

Thus, "fundamental fairness" requires us to remand to the trial court so that it

may undertake an *in camera* examination of the materials in question. This examination shall, however, be limited to a search for statements made by victim to Hyland Center personnel that indicate that victim used cocaine prior to August 29, 1988. If the court determines that no such statements were made then the judgment of conviction is affirmed because we have examined defendant's complaints of trial error and find none. The court should then proceed with resentencing. However, if the trial court, in its inspection, discovers such statements we require that it: a) give copies of relevant pages to both prosecution and defense counsel, and b) convene a hearing at which both counsel may attack or defend the value and veracity of the records. Should the trial court, after such hearing, determine that defendant was prejudiced by denial of access to the records then a new trial should be ordered. If, however, the trial court is convinced that the denial of these records has not resulted in prejudice to defendant then the defendant is to be resentenced.

The sentence is thus vacated, the case remanded to examine the issue of rehabilitation records and for the purpose of resentencing.

STEPHAN and CRANE, JJ., concur.